ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 MAR 25 PM 2:06
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| NOEL ARNOLD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 312-063 |
| | ) | (Formerly CR 310-012) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 8).[1] Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Respondent's motion to dismiss is **GRANTED** (doc. no. 4), and the instant § 2255 motion is **DISMISSED** without an evidentiary hearing.

---

[1] In conjunction with his objections, Petitioner requests that the Court appoint him counsel because he is an "unskillful litigant." (Doc. no. 8, p. 2.) There is no constitutional right to counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (*per curiam*); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985) (*per curiam*). Under 28 U.S.C. § 2255(g), the Court has authority to appoint counsel in habeas corpus proceedings brought pursuant to § 2255. However, such requests are discretionary with the courts, and appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992) (quoting Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987)).

Here, Petitioner has failed to show exceptional circumstances warranting the appointment of counsel. Petitioner's claim that he is an "unskillful litigant" is plainly insufficient in this regard, especially in light of the fact that this case is subject to dismissal due to a valid collateral attack waiver. Therefore, the Court declines Petitioner's request for the appointment of counsel.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[2] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, this civil action is **CLOSED**.

SO ORDERED this 25th day of March, 2013, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

---

[2] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.